By the Court, Bronson, J.
At the common law, a man was not bound to fence his lands against cattle, but the owner of the beasts was bound to restrain them, and was answerable for any trespass which they might commit upon the lands of an *40 other. And it was a matter of no moment whether the cattle came in from the highway, the land of the owner of the beasts, or through the land of a third person. Such was the general rule. Our statute in relation to division fences has in some respects restricted this liability, and has made some other alterations in the law upon this subject, so far as relates to the owners of adjoining lands. (1 R. S. 354, § 37—amended by Siat. of 1838, p. 253, § 1.) Unless one of the owners chooses to let his land lie open, each party is bound to make and maintain a just proportion of the division fence; (1 R. S. 353, § 30;) and the party who is in default has no remedy for a trespass by the cattle of the adjoining land owner. (Act of 1838.) When the party who suffers by the trespass is not in fault in relation to the division fence, the statute has to some extent given him a new remedy, by calling in the fence viewers to appraise his damages ; but as the act of 1838 has restricted the damages, and made the appraisement only prima facie evidence of the amount, the new remedy is no longer of any great value. By the revised statutes, the party who permitted his portion of the fence to be out of repair, was liable to pay the party injured <£ all such damages as shall accrue therebyj” (1R, S. 354, § 37;) and it came very near being decided, that this not only made him liable for the trespass of his own cattle, but for all the consequences which might result to his neighbor’s cattle through his neglect to repair. The members of the court for the correction of errors were equally divided in opinion upon the question. (Clark v. Brown, 18 Wend. 213.) This case led to the act of 1838, which restricts the remedy of the injured party to such damages as shall accrue to his lands, crops, fruit trees, shrubbery, and fixtures connected with the land.
As the cattle escaped through a defect in that portion of the division fence which Rensselaer Stafford was bound to repair, it is not denied that the plaintiff is entitled to a remedy in some form. But it is insisted that he is confined to the statute remedy—that he cannot recover against the defendant in any form of procéeding ; and as against Rensselaer Stafford, the ad *41 joining land owner, the plaintiff cannot recover until his damages have been appraised by the fence viewers.
As the defendant’s cattle were rightfully in the close of Rensselaer Stafford, the adjoining land owner, the defendant may be entitled to the same exemption from liability which might be claimed by Rensselaer Stafford, had his cattle escaped and trespassed upon the plaintiff. (See the learned note to Bush v. Brainard, 1 Cowen, 79.) But the defendant can claim nothing more. He did not cease to be answerable for the trespasses of his cattle because he had rightfully placed them in the close from which they escaped. I see no principle upon which such a doctrine can be maintained. And if the defendant is liable at all, he must be answerable in an action of trespass at the common law; for the statute only applies in the case of parties who own adjoining lands. I think this enough to dispose of the objection on which the defendant relies.
But let us see how the question would have stood if the cattle of Rensselaer Stafford had done the trespass. The plaintiff might then have had his damages appraised by the fence viewers, if he chose to pursue that course. But there is nothing in the statute which, either in terms or by necessary implication, goes to take away the common law action of trespass. When a statute merely gives a new remedy, without any negative expressed or implied, the old remedy is not taken away, and the party may have his election between the two. (2 Inst. 200 ; Clark v. Brown, 18 Wend. 220, 1, per Walworth, chancellor ; Colden v. Eldred, 15 John. R. 220.) The case of Atkins v. Kinnan, (20 Wend. 241,) to which we are referred, does not lay down a different doctrine. The discussion there was upon a statute in derogation of the common law, which divested the party of his title to land and gave it to another; and we held that the statute must be strictly pursued, or the title would not pass. So, where a statute creates a right which did not exist before, and prescribes the remedy for a violation of it, that remedy must be pursued. (Almy v. Harris, 5 John. *42 R. 175.) But the statute under consideration does little more than declare, that the injured party may, in certain cases, have his damages appraised by the fence viewers; and I am not aware of any rule of interpretation upon which this can be made to take away the remedy that before existed at the common law.
It may be that the statute has in some cases given a remedy against the owner of the adjoining close where none existed at the common law. In cases of that description, the statute remedy must he pursued. But where there was an action at the common law, that remedy still exists.
In this case, as the cattle were in the close of Rensselaer Stafford with his consent, he might, I think, have been treated as owner, for all the purposes of a remedy either at the common law or under the statute. But still the defendant, as owner, is liable for the trespass of his cattle ; and it is no answer for him to say, that the plaintiff might have proceeded against another.
The jury mistook the law, but the matter has been set right by the court of' common pleas.
Judgment affirmed.